IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANZ ROLAND RAY,

        Petitioner,                         No. CIV S-06-1702 LKK KJM P

    vs.

KATHY MENDOZA-POWERS,
Warden, Avenal State Prison,

        Respondent.                   ORDER

        Petitioner is a state prison inmate proceeding with counsel with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 1996 Solano County convictions for attempted murder, assault with a deadly weapon, forcible oral copulation and false imprisonment.

        On February 21, 2007, counsel filed an untitled document, signed by counsel and petitioner, purporting to substitute petitioner to represent himself. This notice did not comply with Local Rule 83-182(g). Accordingly, counsel remains counsel of record.

        The habeas petition raises three issues: (1) the state suppressed Officer Worel's report in which Karen Matthews said an unknown man had stabbed her, which contradicted her testimony that petitioner had stabbed her and forced her to copulate him orally; (2) the prosecutor failed to correct Karen Matthews' false testimony that she had never been arrested for a felony,

1

that she had only a single arrest for prostitution, but had never been charged, and that she had not spoken to Officer Worel; and (3) the cumulative impact of the errors denied petitioner a fair trial. Only a portion of the second issue is exhausted: a habeas petition heard in conjunction with petitioner's direct appeal challenged the prosecutor's failure to correct Matthews' false and misleading testimony about her criminal record. Pet., Ex. B at 27-30 (Court of Appeal opinion).

On August 3, 2006, counsel filed a request for an order staying the instant petition to permit him to exhaust state remedies as to the remaining issues. He avers that these issues are already being pursued in the state Supreme Court, in a petition filed on July 12, 2006. In re Ray, S144968. In his declaration, counsel states that on February 9, 2006, an investigator employed by his office to re-investigate petitioner's case discovered the Worel police report, containing Matthews' initial statement about the stabbing, a statement which did not implicate petitioner. Pet., Ex. N (Declaration of Cliff Gardner). On April 28, 2006, petitioner's trial counsel executed a declaration averring he had not seen this report before. Pet., Ex. J (Declaration of Carl Spieckerman).

Respondent has opposed the request for a stay.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court recognized that a district court has the discretion to stay a "mixed" petition containing both exhausted and unexhausted claims in order to allow a petitioner to exhaust state court remedies:

> [I]t likely would be an abuse of discretion for a district court to deny a stay. . . if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

Id. at 278.

In Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005), the Supreme Court held that a habeas petition rejected by the state courts as untimely was not "properly filed" and thus could not toll the AEDPA statute of limitations. The Court acknowledged petitioner's complaint that this rule might cause a petitioner to lose his opportunity to pursue his claims in federal court after

2

attempting to exhaust his state remedies, "only to find out at the end that he was never properly filed and thus that his federal habeas petition is time barred." Id. at 416 (internal quotations omitted). The Court said:

> A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

Id.

Respondent concedes that the instant petition is mixed, but urges that the single exhausted claim is not timely. Although she does not argue this explicitly, respondent suggests that this single exhausted claim, which is itself subject to dismissal if the timeliness of the claims are evaluated on a claim-by-claim basis, cannot be a proper "anchor" to allow exhaustion of the remaining claims, even if they are timely. She presents no authority for this proposition.

In Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006), the Court of Appeal remanded a completely unexhausted petition so the district court could consider whether a stay was appropriate under the Rhines factors. The appellate court's determination was based, in part, on its recognition that a dismissal of Dolis's unexhausted petition "would effectively end any chance at federal habeas review." Id.; see also Akins v. Kenney, 410 F.3d 451, 456 n.1 (8th Cir. 2005) (remanding so the district court could consider a stay even though Court of Appeal was not convinced any of the claims were exhausted). As the Seventh Circuit recognized,

> [I]t would be wise for a petitioner to file in both state and federal court simultaneously, particularly where there is some procedural uncertainty about the state court post-conviction proceeding, and then ask the district court to stay the federal case until the state case concludes to ensure that she does not miss the one-year deadline.

Dolis, 454 F.3d at 725. In this case, such a procedure is appropriate, if petitioner meets the Rhines showing, because of the "procedural uncertainty" about the case. This determination is in no way based on an evaluation as to whether any or all of the claims of the petition are timely or

untimely, when or if the statute of limitations began to run after the discovery of the suppressed police report or on some other date, or even if the determination of timeliness must be made on a claim-by-claim basis or on the application as a whole.

Under Rhines, this "procedural uncertainty" is good cause for petitioner's failure to exhaust his claims before filing his federal petition. Pace, 544 U.S. at 416; Rhines v. Weber, 408 F.Supp.2d 844, 848 (D.S.D. 2005) (petitioner who was reasonably confused about exhaustion of his claims demonstrates good cause). Petitioner has reason to fear that a state petition might be denied as untimely after the statute of limitations has run, if indeed it began to run on February 9, 2006, which would in turn block a federal petition. This is a sufficient showing of good cause.

Petitioner has made a sufficient showing of potential merit to the claim: he has provided a copy of a police report that contradicts the testimony of one of two complaining witnesses along with the declaration of trial counsel, who says he does not recall receiving the report in discovery. This is enough of a showing of a Brady[1] claim to justify the stay.

Petitioner does not appear to have engaged in dilatory litigation. As noted above, counsel declares that his investigator found the report on February 9, 2006, that he consulted with trial counsel and completed his investigation, and that he filed the state petition in July 2006. Nothing in this scenario suggests unnecessary delay.

IT IS HEREBY ORDERED that:

1. Petitioner's August 2, 2006 motion for a stay is granted.

2. Within ninety days of the date of this order, petitioner shall file a status report on the progress of the state exhaustion petition.

/////

/////

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

1       3. If the state exhaustion proceeding is not completed within one hundred eighty
2  days of the date of this order, petitioner shall file a second status report, and further reports at
3  ninety day intervals until the exhaustion process is completed.
4       4. Within thirty days of the California Supreme Court's resolution of the state
5  action, petitioner shall file a motion to lift the stay.
6       5. Failure to file status reports may be grounds for lifting the stay.
7       6. Nothing in this order should be construed as a ruling on the timeliness of any
8  or all of the claims in this petition or read as foreclosing an appropriate motion on these grounds.
9  DATED: March 28, 2007.

_____
U.S. MAGISTRATE JUDGE

2

ray1702.sty